UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEUTSCHE BANK TRUST COMPANY,

        Plaintiff,

v.

JAMES F. MCNULTY, JR. et al.,

        Defendants.

2:10-CV-1998 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Deutsche Bank Trust Co.'s motion to remand. (Doc. #5). Defendant James McNulty filed an opposition and motion to dismiss the case with prejudice. (Doc. #6). Plaintiff filed a reply. (Doc. #7).

The case stems from a foreclosure on November 10, 2009, where plaintiff obtained title to property located at 5353 Altadonna Avenue in Las Vegas. Subsequent to the foreclosure sale, plaintiff served the tenant, defendant James McNulty, with a five day notice to pay rent or quit. On November 12, 2010, plaintiff filed an affidavit of complaint for summary eviction in the Eighth Judicial District Court of the State of Nevada. On November 16, 2010, defendant removed the action to this court (doc. #1), asserting both diversity of citizenship and federal question jurisdiction.

**Motion to Remand**

In the present motion to remand (doc. #5), plaintiff asserts that the action was improperly removed here as neither federal question jurisdiction nor diversity of citizenship jurisdiction applies.

As set forth in 28 U.S.C. § 1441, defendant may remove a state court action to federal court

**James C. Mahan**
**U.S. District Judge**

if the federal court has original jurisdiction over the matter. Original jurisdiction lies with a federal court when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). However, even with complete diversity, diversity jurisdiction is improper where a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct.,* 393 F.3d 867, 870 (9th Cir. 2004).

### 1.     Federal Question

Defendant claims that a federal question exists because he is asserting a defense of non-compliance with the Protecting Tenants at Foreclosure Act ("PTFA"). However, removal that is based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). Further, federal question "cannot be predicated on an actual or anticipated defense." *Holmes Group, Inc. v. Vornando Air Circulation Sys., Inc.,* 535 U.S. 826, 830-32 (2002); 28 U.S.C. § 1331.

Plaintiff asserts only state law claims in its complaint, and does not present any claim that requires the court to interpret or address any federal law. As the only federal question raised is done so by the defendant, and is "predicated on an actual defense," federal question jurisdiction does not exist. *Id.*

### 2.     Diversity of Citizenship

In the defendant's notice of removal (doc. #1), he asserts that removal is proper under diversity of citizenship jurisdiction. In his opposition to the remand (doc. #6), he supports this assertion by claiming that the amount in controversy is over well over $75,000, because $120,000 is the amount owed for future payments on the property, and that the motion to remand was untimely under 28 U.S.C. 1447(c).

Pursuant to 28 U.S.C. § 1447(c), a party must move to remand an action within thirty (30) days of its removal, or the party waives the right to remand. *Lively v. Wild Oats Markets, Inc.,* 456

James C. Mahan
U.S. District Judge

- 2 -

1  F.3d 933 (9th Cir. 2006). Here, the case was removed to this court on November 16, 2010. (Doc. #1).
2  On December 16, 2010, plaintiff filed the present motion to remand. (Doc. #5). As this is within the
3  thirty (30) day time limit, plaintiff did not waive its right to remand.

4  With regards to diversity of citizenship, it is undisputed that the defendant is a Nevada
5  citizen. As such, he cannot remove the action to this court under the local defendant restriction. 28
6  U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct.,* 393 F.3d 867, 870 (9th Cir. 2004). Moreover, the
7  amount in controversy is not met because the actual amount in controversy alleged in the eviction
8  complaint is the unpaid rent totaling $22,000.00, and not the amount due under the entire term of
9  the lease, future amounts, or past arrangements with previous owners of the property, as defendant
10 asserts. 28 U.S.C. § 1441(b). Therefore, removal based on diversity of citizenship was also improper.

11 **Motion to Dismiss**

12 In the defendant's opposition to the motion to remand (doc. #6), he asks this court to dismiss
13 the present action with prejudice, or to "[s]tay its determination of the issue of remand until after
14 [p]laintiff complies with the [c]ourt[']s [o]rder that [p]laintiff produce the entire trust document by
15 which it claims a representative capacity to prosecute this action.." However, as federal jurisdiction
16 is improper, the court is not inclined to address substantive issues of the case.

17 Accordingly,

18 IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Deutsche Bank
19 Trust Co.'s motion to remand (doc. #5) be, and the same hereby is, GRANTED.

20 IT IS FURTHER ORDERED that the case of *Deutsche Bank Trust Co. v. Mc Nulty* (Case
21 No. 2:10-cv-01998-JCM-PAL) be REMANDED to the Eighth Judicial District Court of the State
22 of Nevada.

23 IT IS FURTHER ORDERED that the defendant's motion to dismiss (doc. #6) be, and the
24 same hereby is, DENIED.

25 DATED February 9, 2011.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -